IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LYLE GEORGE CRELLER, ) <br> ) <br> Defendant. ) | **MEMORANDUM DECISION AND ORDER DENYING REQUEST FOR RECOMMENDATION** <br><br> **Case No. 2:06 CR 869 TC** |

This matter is before the court for consideration of a letter written by Defendant requesting a recommendation that he be allowed extended time in a halfway house.

I. BACKGROUND

On December 13, 2006, Defendant was charged in a two-count indictment with (1) being a felon in possession of ammunition; and (2) possession of a controlled substance, to-wit: methamphetamine. Defendant pleaded guilty on December 11, 2007, and on May 5, 2008, was sentenced to a term of 120 months imprisonment.

II. DISCUSSION

Defendant requests that the court recommend he participate in the Second Chance Act by allowing him extended placement in a halfway house.

18 U.S.C. § 3624(c)(1) provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for reentry of that prisoner into the community. Such conditions may include a community correctional facility.[1]

As the language of the statute indicates it is the Bureau of Prisons ("BOP"), not the court, that determines whether a particular prisoner shall be placed in a community correctional facility. If the BOP reaches a decision that is unfavorable to Defendant, this request is not the proper vehicle for relief. Rather, a petition under 28 U.S.C. § 2241 is the proper procedure to challenge a decision by the BOP in connection with the Second Chance Act.[2] Defendant is reminded that he must exhaust his administrative remedies before filing a § 2241 petition. As a result, the court must deny Defendant's request without prejudice to it being filed as a § 2241 petition in the district in which he is confined.

---

[1] 18 U.S.C. § 3624(c)(1)

[2] See *United States v. Clark*, 2011 WL 743090, at *2 (W.D. Pa. Feb. 24, 2011).

2

III.  CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Request for Recommendation (Dkt. 66) is DENIED WITHOUT PREJUDICE.

DATED this 14th day of August, 2013.

BY THE COURT:

Tena Campbell
United States District Judge